# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7376 | **DATE** | 9/12/2012 |
| **CASE TITLE** | Anthony L. Moore vs. Pipefitters Association Local Union 597, U.A. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, defendant Local Union 597 Pipefitters' Association's "Combined Rule 12(b)(6) Partial Motion to Dismiss the Third Amended Complaint and Rule 12(f) Motion to Strike" [93] is granted in part and denied in part. Local 597's motion to dismiss Count III is denied. Local 597's motion to strike Exhibits C, C-1, and D to the Third Amended Complaint is granted. Status hearing remains set for 10/2/12 at 9:00 a.m.

■[ For further details see text below.]  Notices mailed by Judicial staff.

# STATEMENT

Pending before the court is defendant Pipefitters Association Local Union 597's ("Local 597") "Combined Rule 12(b)(6) Partial Motion to Dismiss the Third Amended Complaint and Rule 12(f) Motion to Strike." (Dkt. No. 93 ("Union's Mot.").)

Rule 12(b)(6) Partial Motion to Dismiss the Third Amended Complaint

Local 597 first argues that Count III of plaintiff Anthony L. Moore's Third Amended Complaint (Dkt. No. 92 ("3d Am. Compl.")) must be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it is time-barred. In Count III, Moore alleges that Local 597 breached the duty of fair representation that it owed Moore as his union representative. A union's duty of fair representation "is implied under the scheme of the National Labor Relations Act." *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164 (1983). Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), sets forth a six-month statute of limitations period applicable to such claims. *Id.* at 154 ("We conclude that § 10(b) should be the applicable statute of limitations governing the suit, both against the employer and against the union."). The limitations period for a breach of the duty of fair representation claim begins to run "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Metz v. Tootsie Roll Indus., Inc.*, 715 F.2d 299, 304 (7th Cir. 1983). Moore's original Complaint in this case was filed on November 16, 2010. (Dkt. No. 1.)

Local 597 argues that Moore was aware of his alleged claim for breach of duty of fair representation against Local 597 as early as July 26, 2004, when Moore filed an amended charge of discrimination with the Equal Employment Opportunity Commission asserting claims of race discrimination, retaliation, and "lack of representation" against Local 597. (*See* Dkt. No. 19 ("1st Am. Compl.") Ex. 1.) In response, Moore argues that Local 597's "discriminatory lack of representation" is "ongoing" and "systemic." (Dkt. No. 100

("Moore's Resp.") at 1-2.)

When ruling on a motion to dismiss, the court accepts the factual allegations set forth in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Fednav Int'l Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010). In his Third Amended Complaint, Moore alleges that Local 597 breached its duty of fair representation by (1) "fail[ing] and refus[ing] to represent Moore by providing him with job referrals from employers" because of his race; (2) "fail[ing] and refus[ing] to represent Moore by providing him with job referrals from employers" in retaliation for Moore's engagement in protected activities, and (3) "modif[ying] the CBA to delete the mandate that employers notify the Union of available work." (3d Am. Compl. ¶¶ 29-31.)

Moore alleges that Local 597's racial discrimination began on May 4, 2002 and continues through the present day. (*Id.* ¶ 17.) Specifically, Moore alleges that he "has sought job referrals from Local Union 597 and was not given referrals while other white members of the Union were referred to jobs through the Referral Hall and telefitter." (*Id.*) These allegations suggest that Moore's "discriminatory lack of representation" claim is based on multiple discrete events—e.g., Moore seeking specific job referrals from Local 597 and being denied those same referrals. To the extent some of these discrete events plausibly took place within the applicable limitations period, the court finds at this stage of the litigation that Moore's claim is not time-barred. *Cf. Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 916 (7th Cir. 1999) ("continued union inactivity after an initial failure to respond to a grievance request does not constitute a continuing violation of the duty of fair representation") (internal quotations and citations omitted). Similarly, Moore alleges that Local 597 "retaliated by further reducing job referrals to him." (3d Am. Compl. ¶ 25.) Again, this allegation suggests the occurrence of discrete union activity plausibly taking place within the applicable limitations period. The court therefore denies Local 597's motion to dismiss Count III as untimely.

Local 597 also argues that the allegations of Moore's Third Amended Complaint make clear that the contract modification complained of in paragraph 31 of Moore's Third Amended Complaint occurred on January 1, 2006, well outside the applicable limitations period. (Union's Mot. (citing 3d Am. Compl. ¶¶ 13, 31.) Moore does not dispute this interpretation of his Third Amended Complaint or otherwise attempt to defend against this argument. Accordingly, the court finds that Moore is barred from basing his breach of the duty of fair representation claim on the January 1, 2006 contract modification.

<u>Rule 12(f) Motion to Strike</u>

Local 597 further argues that the materials from case number 84 C 5224, *Daniels v. Pipefitters Association Local 597*, attached to Moore's Third Amended Complaint are "irrelevant, immaterial, and scandalous." (Union's Mot. at 8.) The court agrees. The June 24, 1993 "Memorandum Opinion of Special Master" (Exhibit C), the November 29, 1993 "Amendment to Memorandum Opinion of Special Master of June 24, 1993" (Exhibit C-1), and the December 10, 1993 "Consent Decree" and "Settlement Memorandum" (Exhibit D) originating from case number 84 C 5224 are irrelevant to the discrete claims brought by Moore in this case. To the extent Moore asks the court to "consider this model as a possible remedy," Moore's request is both unnecessary and premature. The court therefore strikes Exhibits C, C-1, and D of the Third Amended Complaint pursuant to Rule 12(f).

| | Courtroom Deputy Initials: | NTF |
|---|---|---|