IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. MOORE, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 10-cv-07376 |
| | ) | |
| v. | ) | Judge James F. Holderman |
| | ) | Magistrate Judge Jeffrey Cole |
| PIPEFITTERS ASSOCIATION | ) | |
| LOCAL UNION 597, U.A., | ) | JURY TRIAL DEMANDED |
| | ) | |
| *Defendant.* | ) | |

**FOURTH AMENDED COMPLAINT**

Now comes the plaintiff, Anthony Moore ("Moore"), and files his Fourth Amended Complaint.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4). Plaintiff is alleging violations of his civil rights under Title VII of Civil Rights Act of 1964, *as amended,* 42 U.S.C.§ 2000, *et seq.*, and under the Civil Rights Act of 1866, 42 U.S.C. § 1891, *as amended*.

2. Venue is proper in this Court under 42 U.S.C.§ 2000e-5(f))(3) and 28 U.S.C.§ 1391(b), as defendant resides in the Northern District of Illinois, and a substantial part of the events or omissions giving rise to the claims of unlawful employment practices were committed within the Northern district of Illinois.

**PARTIES**

3. Plaintiff Anthony Moore is an African-American citizen of the United States residing in the state of Illinois and is a Journeyman Pipefitter and certified welder. At all times

,

relevant hereto, Moore was a member in good standing of the Pipefitters' Association, Local Union 597, U. A. ("Union"), defendant.

4. The defendant Pipefitters' Association, Local Union 597, U.A. is a labor Union with offices in the City of Chicago, County of Cook, State of Illinois, which represents pipefitters and welders primarily in the building trades in the Chicago, Northern Illinois and Northern Indiana regions. The Union is a labor organization within the meaning of § 7019(d) and (e) of Title VII, 42 U.S.C. § 2000e (d) and (e).

## PROCEDURAL REQUIREMENTS

5. On May 4, 2004, plaintiff filed a charge of race discrimination and retaliation against the defendant with the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C.§ 2000e, *et seq.* Plaintiff's charge of discrimination was timely filed within three hundred days of the unlawful and discriminatory employment practices. On January 26, 2011, the EEOC issued a Notice of Right to Sue regarding plaintiff's charges of race discrimination and retaliation. Prior to receipt of his Notice of Right to Sue, plaintiff filed his initial complaint of employment discrimination as a *pro se* plaintiff on November 16, 2010. The defendant filed a 12(b)(6) Motion to Dismiss on December 14, 2010. On February 8, 2011, plaintiff filed his First Amended Complaint, which included a copy of the EEOC Notice of Right to Sue. A true and correct copy of the EEOC Notice of Right to Sue is attached as Exhibit A.

## BACKGROUND

6. At all times relevant to this action, Local Union 597 was a party to a collective bargaining agreement ("CBA") with the Mechanical Contractors' Association of Chicago, an organization of employers of pipefitters and welders (Ex. B-1, B-2 & B-3).

,

7. Local Union 597 is a powerful Union. The Union and its representatives bar contractors from obtaining Union labor if they refuse to comply with CBA wage or jurisdictional provisions (Ex. C, p. 19 ¶ 28).

8. Local Union 597 directs and recommends supervisors to employers, and often these supervisors are responsible for the hiring and firing of Union members. These supervisors are Local Union 597 members (Ex. C, p. 19, ¶ 29).

9. Union business agents are assigned to serve geographic areas and are familiar with the contractors who work in their area. The agents are aware of employment by virtue of their positions, or because employers meet with Union prior to starting work to discuss their plans for hiring Union members, and to ensure that they know and understand the terms of the CBA. Union business agents consider it their duty to learn of jobs in advance and to informally pass that information on to members (Ex. C, p. 19, ¶ 30).

## JOB REFERRAL SYSTEM

10. Local Union 597 has two referral systems, the formal system described herein as the "Barrel" and an informal system known as the "telefitter" system (Ex. C., p. 26, ¶ 59).

**A. The "Barrel"**

11. Until the implementation of the computerized hiring system, Local Union 597 operated a job referral system whereby persons were referred out to welding and pipefitting jobs. This formal referral system, known as the "Barrel," operated out of two Union hiring halls, one in Chicago and one in Indiana (Ex. D, p. 20 ¶ 340). Under this system, the Barrel included a small waiting room for job applicants and an anterior room where the Union's business Agents sat (Ex. C, p. 20, ¶ 34; p. 22, ¶ 22). At present, the system formerly known as the "Barrel" is now called the "OWL," or out of work list, with only 25% of Union jobs available to it at any time.

3

,

12. At present, the "rules of the hiring hall" and its actual operation are suspect at best. The disparate impact on me and other Afro-American journeymen is profound. The recall, emergency hire, and "good guy"' letters all contribute to the gross inequality within 597.

### B. The "Telefitter" System

13. The system known as the "telefitter" system is alive and well since January 1, 2006. The current CBA (75%-25%) is the telefitter system renamed. There is no defense regarding the disparate impact this system has caused me and other Afro-American's.

## APPRENTICESHIP PROGRAM

14. African American members were denied work opportunities due to discrimination by Local Union 597's apprenticeship and training school (Ex. C, p. 39, ¶ 100). At present, Afro-American Apprenticeship participation is at an all-time low.

## COUNT I
## VIOLATION OF 42 U.S.C. §1981

15. Plaintiff Moore adopts and incorporates paragraphs 1 to 14 as paragraph 15 of Count I of the Fourth Amended Complaint.

16. Moore has been a member of Local Union 597 since September, 1981, and, since that time, has been qualified under Union rules as a pipefitter and welder, and was competent to perform such work.

17. From May 4, 2002 to the present, Moore has sought job referrals from Local Union 597 and was not given referrals while other white members of the Union were referred to jobs through the Referral Hall and telefitter.

18. Furthermore, no employer contractor has contacted Moore directly for employment referral.

4

,

19. As a result of the Union's discriminatory practices, Moore has been deprived of the right to make and enforce employment contracts, and the enjoyment of all benefits, privileges, term and conditions of such employment contracts.

20. As a result of the Union's discriminatory practices, because of his race, Moore was deprived of wages, retirement benefits, health and welfare benefits, social security and other benefits due to him as a worker, in a sum to be proven at trial.

21. As a result of the Union's discriminatory practices, Moore has suffered emotional distress, humiliation, pain and suffering.

22. Local Union 597 acted with malice or with reckless indifference to Moore's federally protected rights.

WHEREFORE, plaintiff Anthony Moore prays that this court grant him the following relief against defendant Local Union 597:

A. Find that the acts complained of herein violated the rights of plaintiff Moore under the Civil Rights Act of 1866, 42 U.S.C. §1981;

B. Award plaintiff Moore back pay and consequential damages from May 2004 to present for other employment-related losses in an amount to be determined at trial, plus interest;

C. Award plaintiff Moore compensatory damages for emotional distress, humiliation, and pain and suffering, in an amount to be determined at trial;

D. Award plaintiff Moore punitive damages in the amount of $100,000.00;

E. Award plaintiff Moore his attorneys fees and costs for the prosecution of this action; and

F. Award plaintiff Moore such other relief that is warranted.

,

## COUNT II
## VIOLATION OF TITLE VII
## RETALIATION

23. Moore adopts and incorporates paragraphs 1-14 and 15-22 as paragraph 23 of Count II of the Fourth Amended Complaint.

24. Moore has filed and participated in previous litigation against the Union by other African American Union members. Similarly, Moore has consistently spoken out and protested against the Union's discriminatory practices.

25. As a result of (a) Moore's cooperation in other litigation against the Union; (b) Moore's continuation of his practice of speaking out and protesting against the Union's discriminatory practiced in the litigation; and (c) Moore's filing of his individual charge of discrimination against the Union with the IDHR and the EEOC, the Union retaliated by further reducing job referrals to him.

26. Local Union 597's acts described above constitute unlawful employment practices, an in violation of §703 and 704 of Title VII, 42 U.S.C §2000e-2 and 2000e(3).

WHEREFORE, plaintiff Anthony Moore prays that this court grant him the following relief against defendant Local Union 597:

A. Find that the acts complained of herein violated the rights of plaintiff Moore under the Civil Rights Act of 1965, *as amended*, 42 U.S.C.§ 2000e-2 and 2000e-3;

B. Award plaintiff Moore back pay and consequential damages for other employment-related losses in an amount to be determined at trial, plus interest;

C. Award plaintiff Moore compensatory damages for emotional distress, humiliation, and pain and suffering, in an amount to be determined at trial;

D. Award plaintiff Moore punitive damages in an amount of $100,000.00;

,

  E.  Award plaintiff Moore his attorneys fees and costs for the prosecution of this action; and

  F.  Award plaintiff Moore such other relief that is warranted.

## COUNT III
## VIOLATION OF TITLE VII
## DISCRIMINATION (DISPARATE IMPACT AND DISPARATE TREATMENT)

  27.  Moore adopts and incorporates paragraphs 1-14, 15-22 and 23-26 as paragraph 27 of Count III of the Fourth Amended Complaint.

  28.  Local Union 507's acts described above constitute unlawful employment practices which were in violation of § 703 of Title VII, 42 U.S.C. § 2000e-2.

  WHEREFORE, plaintiff Anthony Moore prays that this Court grant him the following relief against defendant Local Union 597.

  A.  Issue a declaration that the acts complained of herein violated the rights of plaintiff Moore under the Civil Rights Act of 1965, *as amended*, 42 U.S.C. § 2000e-2;

  B.  Award plaintiff Moore back pay and consequential damages for other employment-related losses in an amount to be shown at trial plus interest;

  C.  Award plaintiff Moore compensatory damages for emotional distress, humiliation, and pain and suffering, in an amount to be determined at trial;

  D.  Award plaintiff Moore punitive damages in the amount of $100,000.00;

  E.  Award plaintiff Moore his attorneys fees and costs for the prosecution of this action; and

  F.  Award plaintiff Moore such other relief that is warranted.

## COUNT IV
## VIOLATION OF 29 U.S.C. §185
## LABOR MANAGEMENT RELATIONS ACT

,

29. Moore adopts and incorporates paragraphs 1-14, paragraphs 15-22, paragraphs 23-26, and paragraphs 27-28 as paragraph 29 of the Fourth Amended Complaint.

30. Local Union 597 owed Moore a fiduciary duty of fair representation that extended to the negotiation, administration and enforcement of the CBA.

31. Local Union 597 engaged in arbitrary and discriminatory conduct against Moore when in bad faith, because of his race, it failed and refused to represent Moore by providing him with job referrals from employers.

32. Local Union 597 engaged in arbitrary and discriminatory conduct against Moore when in bad faith, because of his race, it retaliated against him for his exercise of certain lawful activities and failed and refused to represent Moore by providing him with job referrals from employers.

33. Local Union 597 engaged in arbitrary and discriminatory conduct against Moore when in bad faith, it modified the CBA to delete the mandate that employers notify the Union of available work.

WHEREFORE, plaintiff Anthony Moore prays that this court grant him the following relief against defendant Local Union 597:

A. Find that the acts complained of herein violated the rights of plaintiff Moore under the Labor Management Relations Act of 1947, 29 U.S.C. §185, *as amended*;

B. Award plaintiff Moore back pay and consequential damages for other employment-related losses in an amount to be shown at trial, plus interest;

C. Award plaintiff Moore compensatory damages for emotional distress, humiliation, and pain and suffering, in an amount to be determined at trial;

D. Award plaintiff Moore punitive damages in the amount of $100,000.00;

,

  E. Award plaintiff Moore his attorneys fees and costs for the prosecution of this action; and

  F. Award plaintiff Moore such other relief that is warranted.

## JURY DEMAND

  The plaintiff demands a trial by jury on all claims so triable.

January 22, 2013           Respectfully submitted,

                  <u>/s/ Jamie S. Franklin</u>
                  Jamie S. Franklin

Jamie S. Franklin, ARDC No. 6242916
THE FRANKLIN LAW FIRM LLC
53 W. Jackson Blvd., Ste. 803
Chicago, IL 60604
(312) 662-1008
(312) 662-1015 (fax)
jsf@thefranklinlawfirm.com

Wesley E. Johnson
Jessica Tovrov
GOODMAN LAW OFFICES LLC
105 W. Madison St., Ste. 1500
Chicago, IL 60602
(312) 752-4828
(312) 264-2535 (fax)

9

,

## **CERTIFICATE OF SERVICE**

      I, the undersigned, certify that the foregoing document, Plaintiff's Fourth Amended Complaint, was served by the Electronic Case Filing system of the United States District Court for the Northern District of Illinois on January 22, 2013 on the parties listed below.

                                                                     /s/ Jamie S. Franklin

**Service List:**

Tom H. Leutkemeyer
Aimee E. Delaney
HINSHAW & CULBERTSON LLP
222 N. LaSalle St., Ste. 300
Chicago, IL 60601