IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY L. MOORE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PIPEFITTERS ASSOCIATION LOCAL UNION )<br>597, U.A., )<br>)<br>Defendant. ) | Case No.: 10 CV 7376 |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Pipefitters Association Local Union 597, U.A., ("Local 597") by and through its counsel, Dennis Johnson and Joseph Mallon of Johnson & Kroll LLC and Tom H. Luetkemeyer and Aimee E. Delaney of Hinshaw & Culbertson LLP, moves this Court for the entry of summary judgment pursuant to Federal Rule of Civil Procedure 56 and in support thereof, states as follows:

1. Anthony Moore ("Plaintiff"), an African-American member of Pipefitters Association Local Union 597 ("Local 597"), asserts claims of race discrimination, retaliation and failure to represent against his union.

2. Plaintiff's case centers on an out of work list and the operation both a Hiring Hall, and a Referral Hall by Local 597 during the period of time implicated by the charge and suit. Plaintiff specifically claims Local 597 failed to recall and/or refer Plaintiff for employment through both the Hiring Hall and Referral Hall because of his race, referred non-Black members out from the Hiring or Referral Hall who were lower on an out of work list than Plaintiff, and assigns fault to Local 597 because no signatory contractor has hired him directly.

3. Having completed both fact and expert discovery in this matter, Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to all claims raised: Count I race discrimination (42 U.S.C. § 1981); Count II Title VII retaliation; Cont III Title VII race discrimination (disparate impact and disparate treatment); and Count IV breach of the duty of fair representation (29 U.S.C § 185).

4. There are no genuine issues of material fact at issue that would prevent this Court from granting summary judgment to the Defendant, as is set forth in detail in Defendant's Memorandum of Law and Statement of Undisputed Material Facts filed in support of this motion. Defendant adopts and incorporates these filing by reference.

5. Plaintiff's disparate impact claim fails for his failure to satisfy the prima facie burdens associated with such claims concerning both the identification of a specific employment policy or practice, as well as statistical evidence of causation. *Watson v. Ft. Worth Bank & Trust,* 487 U.S. 977, 994, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988).

6. Plaintiff's disparate treatment claims fail as he fails to present any evidence to satisfy the relevant provision of Title VII governing labor organizations.

7. Similarly, Plaintiff fails to satisfy the "but for" standard necessary to prevail on a Title VII retaliation claim. *Univ. of Tx. Southwestern Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2532-33, __ U.S. __ (June 24, 2013).

8. Finally, Plaintiff's fair representation claim is barred by the long-established six month statute of limitations. Notwithstanding that bar, the claim fails on its merits for the reasons set forth in the accompanying Memorandum of Law.

WHEREFORE, for the reasons set forth above, as well as in Defendant's Memorandum of Law, Defendant asks this Court to grants its Motion for Summary Judgment.

|  |  |
|---|---|
|  | Respectfully submitted,<br>HINSHAW & CULBERTSON LLP |
| Tom H. Luetkemeyer<br>Aimee E. Delaney<br>Hinshaw & Culbertson LLP<br>222 N. LaSalle, Suite 300<br>Chicago, IL 60601<br>312-704-3000 | By: s/Aimee E. Delaney<br>　　　Aimee E. Delaney |

Dennis Johnson
Joseph E. Mallon
JOHNSON & KROL, LLC
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
(312) 372-8587

## Certificate of Service

I, the undersigned, an attorney, state that I served the above and foregoing Defendants' Motion for Summary Judgment by electronic means pursuant to Local Rules 5.5 and 5.9 and by Messenger on Plaintiff at 536 Morris Avenue, Bellwood, IL 60104 on February 14, 2013.

/s/　　Aimee E. Delaney

3