UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ANTHONY MOORE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 10 C 7376 |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| PIPEFITTERS ASSOCIATION | ) | |
| LOCAL UNION 597, U.A., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

On June 5, 2014, after months of failures by the plaintiff to have filed his long overdue response to the defendant's motion for summary judgment, [Dkt. # 171], the defendant moved for a ruling on the motion. [Dkt. #206]. On June 20, that motion was granted, and the ruling on the motion for summary judgment issued. [Dkt. #212]. *See Moore v. Pipefitters Association Local Union 597, U.A.*, 2014 WL 2808992 (N.D.Ill. 2014)[Dkt. # 213]. Judgment against Mr. Moore was entered on that date. [Dkt. #214].

On July 21st, thirty-one days after the entry of summary judgment against him, and four months after his response to the motion was initially due – five months if one counts the 30 day period between the date the briefing schedule was set and the March 18 due date for filing – Mr. Moore filed three motions. The first seeks "reconsideration" of what Mr. Moore describes as a "Ruling Regarding His Medical Condition. [Dkt. #215]. The second seeks "reconsideration" of what

Mr. Moore calls "Unresolver [sic] Discovery Issues." [Dkt. #216]. The third is captioned "Limited Response to Court's Ruling on Defendant's Motion for Summary Judgment." [Dkt. # 217].

Consistent with Plaintiff's method of prosecuting his case, these late filings attempt to blame a number of persons and circumstances plaintiff believes responsible for the shortcomings in his case and want of evidence, including the two sets of lawyers, who represented him at various times in the case. Mr. Moore also accuses them of being personally hostile toward, and of having mistreated him, even though it was solely through their efforts that he was belatedly permitted to add a new legal claim of disparate impact and have discovery re-opened to pursue that claim, including the ability to pursue expert discovery. [*See* briefing and ruling history at Dkt. # 123-125, 131-135, 137].

But the real focus of the motions is on the defendant and the court for their supposed insensitivity to his claimed physical difficulties, which, he insists, made it impossible for him to respond to the motion for summary judgment in the five months between the date on which the motion was filed and July 21st when the current trio of motions were filed.[1] Nothing in the current motions alters in the slightest the conclusion in the June 20, 2014 Memorandum Opinion granting the defendant's motion to rule on the pending summary judgment motion that "[t]he indisputable facts surrounding this case compel the conclusion that Mr. Moore is attempting to absolve himself of his obligation to pursue his own case and to abide by reasonable deadlines. He is seeking to forestall judgment in the case and leave the Union dangling while he pulls the strings of all the participants." *Moore*, 2014 WL 2808992, at 2.

---

[1] Coincidentally, these claimed medical issues began to surface as the case progressed toward the summary judgment stage in early 2014. Discovery had closed in 2013.

This determination was not made casually or precipitously. There were multiple submissions from the parties on the topic of his medical condition, and multiple hearings on this subject were held between January and June 20, 2014, when the judgment order was entered. [*See* Dkt.# 166, 177, 178, 185, 186, 188, 192, 203, 205, and 208]. The evidence relating to Mr. Moore's medical situation was exhaustively examined in the *Moore* opinion in order to determine whether to grant or deny the defendant's motion for a ruling on the summary judgment motion, itself.

As the June 20 Memorandum Opinion concluded, the evidence conclusively showed that Mr. Moore's arthroscopic knee surgery on May 20 – a month *after* the response to the motion for summary judgment was originally due, *Moore*, 2014 WL 28008992 at * 6-7 (two months if one includes the month Mr. Moore had in which to prepare the response) – did not prevent him from filing a response to the motion for summary judgement. Nor did the knee situation, itself. *See* the discussion in *Moore, supra*.

In his "Motion for Reconsideration of the Court's Ruling Regarding the Plaintiff's Medical Condition," Mr. Moore asks for what he tendentiously describes as a "small respite to continue to recuperate [from his May 20 arthroscopic knee surgery] and [and this is new, to] schedule additional surgery," presumably for a claimed hernia [although he does not say what the surgery is for], which, he fails to note, he said he canceled six months ago in February. *Moore*, 2014 WL 2808992 at * 4." [Dkt. # 215]. When the "additional surgery" will occur and the anticipated period of recovery are left to the imagination, as is the absence of medical support for the need for surgery, immediate or otherwise. And, the motion is silent on the critical question of when Mr. Moore might file his

3

response to the motion for summary judgment, if his Motion for Reconsideration was granted.[2] As Judge Posner said in another context, "[t]he [motion's] silence is deafening." *Muhammad v. Oliver*, 547 F.3d 874, 877 (7th Cir. 2008).

In sum, Mr. Moore continues to demand what he has demanded since March 18 – a postponement of indeterminate duration, even though there is insufficient supporting medical evidence from which it can be determined that Mr. Moore was and continues to be medically incapable of responding to the motion for summary judgment. The Seventh Circuit has been unreceptive to demands for what are, in effect, indefinite continuances. *See United States. v. Farr,* 297 F.3d 651, 657 (7th Cir.2002)("... we refuse to even consider, much less adopt, a rule that might suggest that a trial court should tolerate a calculating and mischievous defendant and grant indefinite continuances to a defendant who refuses to cooperate with his attorney. The record clearly establishes that the trial judge went out of his way in granting Farr two continuances and that the government likewise was more than considerate in providing its work product to Farr's counsel to assist with his defense. The trial judge's action in denying Farr's motion to postpone the trial a third time falls far short of meeting the abuse of discretion standard."); *United States. v. Chiappetta,* 289 F.3d 995, 999 (7th Cir. 2002).

Mr. Moore's *pro se* status does not entitle him to the kind of general dispensation from the rules of procedure and court imposed deadlines he seeks to accord himself. *Moore*, 2014 WL 2808992 at *7. *See also infra* at 12. Nor does it exempt him from the Seventh Circuit's stern admonition that "[l]awyers and litigants who decide that they will play by rules of their own

---

[2] The Motion does not give any details about the severity of the claimed condition or its effect on Mr. Moore's ability to respond to the motion for summary judgment.

invention will find that the game cannot be won." *United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir. 1994).

## ANALYSIS

### A.
### Standards For Review

Motions challenging a judgment are generally considered pursuant to Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) permits a motion to alter or amend a judgment to be filed no later than 28 days after entry of the judgment. The 28-day period specified in the Rule is unyielding. *Carlson v. CSX Transp., Inc.*, 2014 WL 3361072, 4 (7th Cir.2014); *Calligan v. Wilson,* 362 Fed.Appx. 543, 546 (7th Cir.2009); *Justice v. Town of Cicero,* 682 F.3d 662 (7th Cir.2012)*; Vesely v. Armslist LLC*, 2014 WL 3907114, 3 (7th Cir. 2014). And a party's status as a *pro se* litigant does not excuse his failure to meet the mandatory deadline for filing a Rule 59(e) motion. *See Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir.1994).

When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, or does not denominate any Rule, it is treated as a Rule 60(b) motion. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666-667 (7th Cir.2014). It must be filed within a reasonable time after the entry of the challenged order or judgment. Rule 60(c).

A motion under Rule 59(e) need not be labeled as such or use the words "alter or amend" so long as it "instead uses a synonym, such as 'vacate' or 'reconsider.' " *Borrero v. City of Chicago,* 456 F.3d 698, 699 (7th Cir.2006). A court may grant a Rule 59(e) motion only if the movant presents newly discovered material evidence that was previously unavailable or establishes that the court

made a manifest error of law. A Rule 59(e) motion cannot be used to "rehash" previously rejected arguments. *Vesely v. Armslist LLC,* 2014 WL 3907114, 3 (7th Cir.2014).

Rule 59(e) does not "provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago School reform Bd of Trustees*, 233 F.3d 524 (7th Cir. 2002)(denying plaintiff's Rule 59(e) motion on the ground that it was simply a plea for the district court to excuse plaintiff's neglect in prosecuting his case); *Harrington, et al. v. City of Chicago,* 433 F.3d 542 (7th Cir. 2005).

The threshold of proof for the moving party is somewhat lower under Rule 59(e) than under Rule 60(b). *Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 953 (7th Cir.2013). "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano,* 657 F.3d 586, 589 (7th Cir.2011). Rule 60(b) cannot be used to make arguments that could have been raised on appeal or in a timely motion for reconsideration under Rule 59(e). *Gray v. Advocate Health and Hospitals Corp.*, 442 Fed.Appx. 236, 237 (7th Cir.2011).[3] Rule 60(b) only permits relief from judgment when based on mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence which by due diligence could not have previously been obtained, and "any other reason that justifies relief." *See Talano v. Northwestern Medical Faculty Foundation Inc.,* 273 F.3d 757 (2001); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). The district court does not abuse its

---

[3] Rule 60(b)(3) provides that the court may grant a party relief from the judgment where there was "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." It is an "extraordinary remedy" reserved for "exceptional circumstances." *Venson v. Altamirano,* 749 F.3d 641, 651 (7th Cir.2014).

discretion by denying a Rule 60(b) motion that is not based on one of the specified grounds for relief. *Banks*, 750 F.3d at 667.

The three motions filed by the plaintiff on July 21st [Dkts. # 215, 216, 217] do not meet the 28-day time specified in Rule 59(e) and thus must be considered under Rule 60(b). As we discuss below, none of the motions satisfy the requirements of Rule 60(b), and all are without merit.

B.

**The "Motion For Reconsideration of the Court's Ruling Regarding The Plaintiff's Medical Condition"**

1.

The motion "Regarding the Plaintiff's Medical Condition" [Dkt. # 215] does not concern itself with the substance of the summary judgment. Rather, it concerns itself with the question whether it should even have been issued at all given Mr. Moore's claimed medical issues. The motion merely rehashes the argument that Mr. Moore was and is too ill to respond to the motion for summary judgment, all the while ignoring the reasons for the rejection of his contention in the June 20th Memorandum Opinion. Since the Motion was filed more than 28 days after the summary judgment, it cannot be considered under Rule 59(e), and since it is not based on one of the specified grounds under Rule 60(b), it does not qualify as a proper Rule 60(b) motion.

The motion also fails on the merits. It is little more than Mr. Moore's continued insistence that he needs "a small respite to continue recuperation...." He now adds a new wrinkle. He will need to "schedul[e]... additional surgery...." [Dkt. #215 at 1]. Presumably, this will be for a hernia operation – that he claimed to have scheduled last February and then canceled. *See Moore*, 2014 WL 2808992, * 4. When that surgery will proceed, Mr. Moore does not say beyond his assurance that he will have it "as soon as possible." There is nothing in the motion to support the claim of

impending surgery beyond Mr. Moore's *ipse dixit*. And that is not enough. Unsupport statements in briefs are not evidence. *United States v. Adriatico-Fernandez,* 498 Fed.Appx. 596, 599-600 (7th Cir. 2012)(collecting cases). Moreover, surgery that Mr. Moore ha not yet had and has yet to schedule obviously has nothing to with his failure to have filed any response to the motion for summary judgment between February and June 20, 2014.

The motion also renews the claim that the plaintiff is taking drugs with side-effects. This is a claim that Mr. Moore has been making since at least March 17, 2014. *See Moore*, 2014 WL 2808992, *1. The present unsupported claim is no more persuasive now than it was when advanced five months ago.

The terse, conclusory motion ignores the extended factual analysis in the June 20th Memorandum Opinion, regarding Mr. Moore's claimed medical situation, *Moore*, 2014 WL 2808992, which concluded that Mr. Moore was capable of filing a response to the motion for summary judgment at some point in the four months after it was originally due on March 18, 2014. At bottom, the motion is nothing more than a disagreement with that conclusion.[4]

**2.**

Rather than bolstering his position, Mr. Moore's motion casts even further doubt on his claims of incapacity. The motion does not dispute that Mr. Moore was on a picket line in early

---

[4] It is unclear what "ruling" Plaintiff seeks to have reconsidered. The June 20th Opinion granting Defendant's Motion for Summary Judgment discussed the claimed reasons why the plaintiff had not filed a response to the motion and found them insufficient. The current motion makes no attempt to refute that analysis. It merely disagrees with the ultimate conclusion. Nor does it acknowledge the minute orders stemming from the hearings on the Plaintiff's claimed incapacity, [*see e.g.*, Dkt. Nos. 164, 166, 177, 185, 187, 192, 193, 200, 204, 205, 211], even though they recount in detail the discussions with Mr. Moore at status conferences and bear on his claim of incapacity. Plaintiff's motion merely adverts to medical records he submitted to the court (see Dkt. No. 215, at 1-2),before the summary judgment ruling in June and which were discussed at length in the June Memorandum Opinion and the minute orders.

February in front of the defendant's headquarters. *Moore*, 2014 WL 2808992 at 3. Yet, a few weeks earlier in January, he had refused to appear in court, claiming to be incapacitated from a back ailment – a claim he later abandoned. *Moore*, 2014 WL 2808992 at * 3; Dkt. # 199. His current motion seeks to avoid the obvious implications of all this by saying Mr. Moore was limping at the labor protest. As Judge Easterbrook said in another context, "So what... Who cares... [Even if ] [t]rue, ...irrelevant." *Israel Travel Advis. Serv. v. Israel Iden. Tours*, 61 F.3d 1250, 1259 (7th Cir. 1995).

The point made in the June 20th opinion, but ignored by Mr. Moore, was that he was able to be out on the picket line in February, notwithstanding his claim a month earlier in January that he could not come to court for status conferences because of his medical situation. [*See* Dkt. #164, 165, 166, 175, 177, 178, 179] .[5] For example, when we tried to reach Mr. Moore by phone for a status conference at 8:40 a.m. on January 17, 2014, no one answered. [Dkt. #165]. On January 21, Mr. Moore again did not appear in court and when contacted by court personnel he claimed that the doctor had ordered him not to appear and that he was on psychotropic drugs after throwing out his back while shoveling snow. When asked about his medical situation, Mr. Moore refused to give any specifics, claiming he did not have them, and that he was in the bathtub. [Dkt. #166]. Mr. Moore was ordered to provide appropriate documentation to support his claim that he could not proceed with the case and why he could not respond to the motion for summary judgment by March 18, 2014, the date scheduled for his response. [Dkt. #167].

---

[5] Mr. Moore's unwillingness to participate in his own case stems back to the time he was before Judge Holderman, who found it necessary to warn Mr. Moore that if he did not attend court proceedings his case would be dismissed. *Moore*, 2014 WL 2808992, *2. The pattern was repeated before me. Mr. Moore often would not come to court and couldn't be reached when we tried to call him. (*See, e.g.,* Dkt. 84, 91, 164).

In a number of minute orders, I noted that Mr. Moore was lucid, forceful and responsive during the telephonic status conferences that had been set up to accommodate his claim that he could not come to court, and that there was nothing in his speech or presentation remotely suggesting that his thought processes were altered in the slightest because of any drug he might be taking. *See, e.g.,* Dkt. #166, 192, 205. And in the status conferences in which he participated by phone he refused to give a date when he would respond to the motion for summary judgment. [*e.g.*, Dkt. # 205].

In a vain attempt to explain away the incompatibility between his presence on the picket line in February and his supposed inability to appear in court weeks earlier in January because of his claimed debilitating pain, Mr. Moore's motion asserts that he thought his knee pain was from a strain and he did not know how serious it was. This is an illogical argument. First, his complaint in February was about his back, not his knee.

Second, it is meaningless that Mr. Moore thought he only had a sprain .The degree of pain he was experiencing was not a function of an understanding of its precise etiology. It was something he simply felt, and if the pain was as debilitating as he claimed, it is unlikely that he would have been on the picket line – limping or not, – and regardless of whether he thought he only had a sprain. After all, Mr. Moore was refusing to come to court or even to speak on the phone because of his professed pain, notwithstanding the fact that he only thought he had a strain.

Third, while Mr. Moore claimed his knee was "bone on bone," hence the excruciating pain, [Dkt. #178], X-rays showed only mild degenerative changes in the knee. *Moore*, 2014 WL 2808992, * 4 and n.5. Significantly, a note from his doctor only said that Mr. Moore should do a minimum of walking and no prolonged standing. The note had no other restrictions. *Id.*

Finally, there is the new claim that Mr. Moore does not own a computer. (Motion at 3, ¶7). And since he is too sick to go to the library, he cannot be expected to respond to the motion for summary judgment. This is an argument that need not detain us long. The June 20th Memorandum Opinion noted: "Mr. Moore was repeatedly unreachable by phone, which he later explained was due to the fact that he turns off his phone when he is typing." *Moore*, 2014 WL 2808992 at * 4; Dkt. # 178. In fact, Mr. Moore testified at his deposition that he had a computer. *Moore*, 2014 WL 2808992 at *10. Thus, his current claim further calls into question the credibility of Mr. Moore's claim of incapacity.

**3.**

In the end, the motion simply renews the request for a continued postponement to some indefinite date in the future, to be decided by Mr. Moore. Nothing in the motion undercuts the conclusion in the June 20, 2014 Memorandum Opinion that by June 18th Mr. Moore had five months to prepare and file his response to the defendant's pending motions, and that was sufficient under the circumstances revealed by the record. Mr. Moore's current filing simply fortifies the conclusion. *Moore*, 2014 WL 2808992, at 2.

That determination was not made lightly. There were multiple submissions from Plaintiff on the topic of his medical condition and multiple hearings on the subject between January and June 20, 2014, when the judgment order was entered. [*See, e.g.,* Dkt. #166, 177, 178, 185, 186, 188, 192, 203, 205, and 208]. There is no new information that has not already been argued or presented to the court, other than the submission of a prescription dated July 7, 2014. But this prescription was written six weeks after the summary judgment was granted. It does not prove that Mr. Moore was incapable of responding to the motion for summary judgment in the months preceding the June 20th

judgment. It adds nothing to the information that was before the court and was addressed by the defendant's expert, Dr. Harris, in his multiple declarations assessing Mr. Moore's condition. [Dkt. #187 (Exh. 4), 200, 204, and 211]. *See Moore*, 2014 WL 2808992, *4-6.

Mr. Moore's *pro se* status does not exempt him from compliance with the rules of procedure and court ordered deadlines applicable to all litigants. In addition to the cases cited in *Moore*, 2014 WL 2808992 at *7, *see Jenkins v. Miles*, 553 Fed.Appx. 638, 641 (7th Cir. 2014)(plaintiff claimed illness and confusion); *Raven v. Madison Area Technical College,* 443 Fed.Appx. 210, 212 (7th Cir. 2011); *S.E.C. v. Spadaccini*, 256 Fed.Appx. 794, 795, 2007 WL 3331536, 1 (7th Cir.2007); *In re Chapman,* 67 Fed.Appx. 953, 956 (7th Cir. 2003); *Brownlow v. Van Natta,* 2 Fed.Appx. 516, 519 (7th Cir. 2001). Nor does his *pro se* status exempt him from the basic principle that "[l]awyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won."*United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir. 1994).

**4.**

Finally, Mr. Moore's motion does not qualify under Rule 59(c) because, *inter alia,* it was untimely filed, and does not qualify as a basis for reconsideration under Rule 60(b) because it does not satisfy that Rule's clear requirements. Motions for reconsideration are viewed unfavorably. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990); Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (2d ed.2002). The power to reconsider a prior decision is to be exercised only in the rarest of circumstances and where there is a compelling reason – for example, a change in, or clarification of, law that makes clear that the earlier ruling was erroneous, *Solis v. Consulting Fiduciaries, Inc.,* 557 F.3d 772, 780 (7th Cir.2009); *Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570, 571-72 (7th Cir.2006), or where the court has

misunderstood a party's position or made a significant mistake. *United States v. Ligas,* 549 F.3d 497, 501 (7th Cir.2008). Rule 60(b) is not an exception to these general principles.

It is not a mechanism that allows a party to revisit strategic decisions that prove to be improvident, to make arguments that could and should have been made in prior briefing, to express without more disagreement with a decision of the court, or to reprise arguments that were rejected. *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir.2010); *Patel v. Gonzales*, 442 F.3d 1011, 1016 (7th Cir. 2006); *Caissa Nationale de Credit Agricole v. CBI Indus., Ins.,* 90 F.3d 1264, 1270 (7th Cir.1996). *Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir.1995); *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 252 (7th Cir.1987).

The Motion For Reconsideration of the Court's Ruling Regarding the Plaintiff's Medical Condition does not meet any of the mandatory criteria for a motion for reconsideration under Rule 60(b) or any other rule or principle. It does, however, manifest all the rule's prohibited purposes.

**D**.

**Plaintiff's "Motion for Reconsideration of the Court's Ruling Regarding Unresolver [sic] Discovery Issues"**

Although it "formally request[s] reconsideration of the closing of discovery, as per Rule 56(d),." [Dkt. #216, 3], its real purpose seems to be to attack the plaintiff's prior lawyers. It notes that his first attorney twice requested to withdraw before Judge Holderman, and goes on to say that the plaintiff was "left to repair the damage [caused by that attorney], which is still unfolding...." [Dkt. #216]. But that claimed ineptitude pales by comparison to what allegedly occurred with his second set of lawyer whom he claims cursed him in the vilest language. {Dkt. #216 at 2]. Left with

"no choice," Mr. Moore says he fired that set of lawyers. *Id.*. My minute order of October 10, 2013 noted, however, that "the representation of withdrawing counsel during the time they were in the case was exemplary." Dkt. # 162.

Apart from Mr. Moore's complaints not being a basis alter or amend the judgment under Rule 60(b), the motion regarding discovery issues is without merit. Discovery closed long before Mr. Moore began representing himself again, and he never filed a motion to re-open discovery since the time he resumed representing himself in October of 2013.[Dkt. # 162]. Nor did he ever file a motion under Rule 56(d), claiming a need for discovery in order to respond to Defendant's Motion for Summary Judgment. *See Vachet v. Central Newspapers, Inc.,* 816 F.2d 313, 317 (7th Cir. 1987)("However, Vachet failed to request a continuance. Therefore, it was not error for the district court to proceed in ruling on the motion.").

Finally, it should be noted that Mr. Moore received six discovery extensions. (Dkt. # 44, 45, 77, 82, 103, 106, 112, 137, and 162, 164).[6] There has never been a motion to compel or even a formal claim that the defendant has withheld information in discovery at any time in this case, and Plaintiff's unsupported assertions that documents or information have been withheld is simply wrong. Since resuming self-representation, Plaintiff never filed a motion seeking leave to conduct the additional discovery he now insists was so critical.

Plaintiff has been represented twice by counsel in the course of discovery and cannot claim that the limitations of being *pro se* somehow hampered his ability to conduct thorough discovery.

---

[6] Defendant was required to seek an extension of a discovery deadline separate from these extensions as a result of Plaintiff's late disclosure of dozens of witnesses in a supplemental Rule 26 disclosure. (Dkt. No. 138, 140).

As noted earlier, through his counsel, he was permitted to add a new legal claim of disparate impact and have discovery re-opened to pursue that claim, including the ability to pursue expert discovery. (*See* briefing and ruling history at Dkt. #123-125, 131-135, 137).

Finally, it should be noted that plaintiff's expert was retained by plaintiff and his counsel. According to the expert's opinion, itself, the expert was provided with data and documents and offered opinions based on the data and documents produced in case. (Dkt. #169, Exh. 1). There was no claim of inadequacy of information for the expert.

## D.
## "Plaintiff's Limited Response to Court's Ruling on Defendant's Motion for Summary Judgment"

Mr. Moore's "Limited Response," like the two companion motions, was filed on July 21, 2014, outside the 28-day time period under Rule 59(e). Of the three motions, it is the only one that adresses the final judgment order of June 20, 2014, granting Defendant's Motion for Summary Judgment. Having missed the twenty-eight day cutoff, the motion must be considered under Rule 60(b). To prevail on a Rule 60(b) motion, Mr. Moore's motion must be based on one of six specific grounds listed in the Rule and cannot simply be a general plea for relief.

Mr. Moore's "Limited Response" does not fit within any of the grounds permitting reversal or reconsideration. For example, the motion makes no claim of mistake, inadvertence, surprise or excusable neglect. It presents no newly discovered evidence. To the contrary, the affidavits belatedly offered by Mr. Moore in his "Limited Response," were long available to Mr. Moore, who disclosed the identities of the affiants in discovery on November 1, 2011 and March 27, 2013, respectively.

(*See* Defendant's Brief in Opposition to Plaintiff's Multiple Motions for Reconsideration, Exs. 1 and 2). [Dkt. #219]. Each of these witnesses was also deposed in discovery.

Three of the affidavits are dated March 6, 2014, before the response to the motion for summary judgment was initially due on March 18. And one is dated June 11, nine days before summary judgment was granted. Not only do the affidavits not present any new information, Mr. Moore does not even make an argument for their untimely submission. Finally, and perhaps most importantly, the statements do not provide any information that would require altering or amending the judgment.

Any vague argument regarding expert testimony is not based on newly discovered evidence, surprise or excusable neglect, as expert discovery in this case originally was completed on October 31, 2013. [Dkt. #154]. The deadline for expert discovery later was extended to December 31, 2013, following Plaintiff's termination of his counsel and in response to his request for time to determine if he would retain subsequent counsel. [Dkt. #162, 163]. Plaintiff had the chance to depose Defendant's expert and chose not to do so.

Plaintiff had both an expert opinion and the deposition transcript of his own expert and simply chose not to use those materials to respond to Defendant's summary judgment motion in any fashion. Attempting now to make points directed at the expert opinions or findings in this case is simply too little, too late. Mr. Moore elected to spend the five months after Defendant's dispositive motion was filed in stalling this case, rather than in efforts directed towards responding to the motion. That decision does not provide Mr. Moore with a basis for relief under Rule 60.

Mr. Moore's motion does not state a basis for relief under Rule 60(b)(3), as there is no evidence of fraud, misrepresentation or misconduct. Similarly, Rule 60(b)(5) is inapplicable, and there is no other basis presented in Plaintiff's motion that provides a basis for the relief he seeks– which is to vacate the judgment and wait to hear from Mr. Moore as to when he will decide to file a response to the summary judgment motion. Rule 60(b) does not authorize that outcome.

## CONCLUSION

None of Plaintiff's motions was timely filed under Rule 59, and none satisfy the requirements of Rule 60 or the standards governing motions to reconsider. Each of the three filings made by Plaintiff on July 21, 2014 is little more than a plea for the court to excuse his decision not to respond to the defendant's motion for summary judgment. The motions [215, 216, 217] are denied.

ENTERED: *Jeffrey Cole*
UNITED STATES MAGISTRATE JUDGE

**DATE:** 8/27/14